The Chancellor.
I have come to the conclusion, after much hesitation, to make a decree in favor of the complainant. I have had very great doubts whether the complainant brings herself, by the evidence, within the provisions of the statute. It is the very peculiar situation of both parties, and a conviction that it is for the iuterest of both, that it should be settled by this court what allowance the defendant shall make for the future maintenance of his wife, that have induced me to resolve my doubts in favor of granting the complainant the relief she seeks by this bill.
Whether this court would entertain a bill for alimony independent of the statute, except as incidental to some other relief, to which the wife may be entitled, and which gives the court jurisdiction, it is unnecessary to decide. The statute confers jurisdiction upon the court in a case upon bill for alimony alone. Nixon 206, § 10. The power of the court to grant relief is confined to the cases mentioned in the statute. So it has been considered in New Jersey; although in Butler v. Butler, 4 Littell 201, it was said, that the statute, which authorizes a decree of alimony in certain cases, does not exclude the jurisdiction *401 in cases not embraced in it, “ which have strong moral claims.” See Bishop on Marriage and Divorce, § 553, 554, and notes.
In looking at past authorities and judicial decisions in reference to marital rights, we must not forget that the reasons upon which very many of them are founded no longer exist, in consequence of the entire change which has been made by statute in the relationship existing between man and wife. Those obligations and duties due from the husband to the wife, derived alone from the fact, that the law gave all the property of the wife to the husband, no longer exist. The common law made it the duty of the husband to maintain his wife, partly because the law gave to him her fortune. The same inducements do not now exist, as formerly, for the court of equity to extend its jurisdiction for the protection of the wife as to mere maintenance.
In order to entitle this complainant to relief, it was necessary for her to show that, without any justifiable cause, her husband had abandoned her, or separated himself from her, and refused or neglected to maintain and provide for her. She alleges, in her bill, that about five years prior to August, 1855, her husband repeatedly declared his intention to drive her from his house, by neglecting to provide for her and by starving her out, and that he so far carried his threats into execution that she was compelled, from want of things necessary to her decent support, and on account of his abusive treatment, to leave him, and did accordingly leave his house, and went to their son, then residing near Elmira, in the state of New York.
These allegations are not sustained by the evidence. There is quite as much evidence of bad temper and cruel treatment on the part of the complainant, as on that of her husband. There is no justification to be found in the evidence for her leaving her husband at the time she did. If the complainant’s right to relief rested upon these a!. *402 legations, I should dismiss the hill without hesitation. This unjustifiable separation from her husband was probably the cause of most of the troubles that succeeded. The old man, left alone, was obliged to break up keeping house, and to take board with one of his neighbors. The consequence was, that when the complainant returned, her husband had no home provided for her. Since then, the conduct of the defendant towards his wdfe has been vacillating in reference to his disposition to maintain her. Sometimes he has provided for her, and then refused to do so. But he has always afforded her some support. The weight of the evidence is, I think, that he has persisted in continuing the separation, of which his wife was the original cause, and has neglected to provide for the complainant a suitable maintenance and support.
The present situation of both parties is such as to preclude any reasonable expectation of their ever being reconciled. The complainant has no means of support, and her age and decrepitude render it impossible for her to gain sufficient for a livelihood. The defendant has an estate valued at from five to seven thousand dollars. The bill charges that, at the time of their marriage, the complainant and defendant were poor, and that the property which the complainant has accumulated is the fruit of the industry and frugality of the complainant as well as that of the defendant. This the answer does not deny, but substantially admits.
Under all the circumstances, I will allow the complain ant alimony. As the evidence in reference to the pecuniary ability of the defendant is before me, there is no necessity of a reference to a master to fix the amount of the allowance.
I shall direct a decree, that the defendant pay to the complainant, or some person to be named by the court for her, the sum of one hundred and forty dollars, in monthly payments, and that the defendant give reasonable security for the same ; and upon default of the defendant *403 giving sucli security, that the complainant shall have the remedy provided by the statute; and that the defendant pay the taxed costs of the suit. I shall allow no counsel fee, as it is admitted that the complainant, a short time before this suit was instituted, improperly took from the trunk of her husband one hundred dollars.